# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Date:              October 17, 2014

Courtroom Deputy: Kathleen Finney
Court Reporter:    Tracy Weir
Probation Officer: Gary Kruck
Interpreter:       Cathy Bahr

---

**Criminal Action No.   13-cr-00161-REB-2**

*Parties:*                                  *Counsel:*

UNITED STATES OF AMERICA,                   Kasandra Carleton

    Plaintiff,

v.

2.  PEDRO LUJANO-GONZALEZ,                  Thomas Goodreid

    Defendant.

---

### SENTENCING MINUTES

---

**1:37 p.m.     Court in session.**

Appearances of counsel.

Defendant is present in custody.

Interpreter: government and defendant stipulate as to interpreter's qualifications; interpreter sworn.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and

addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Also relevant to sentencing are the following papers:
- the **Government's Motion for Defendant to Receive the Third LevelFor Acceptance of Responsibility Under U.S.S.G. § 3e1.1(b)** [#436] filed October 2, 2014;
- the government's **Motion to Dismiss Counts** [#437] filed October 2, 2014; and
- the Restricted Level 2 Motion [#443] filed October 3, 2014.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Statement by counsel for the government.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

> **IT IS ORDERED** as follows:
>
> 1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;
>
> 2. That the pending motions are resolved as follows:
>    - the **Government's Motion for Defendant to Receive the Third LevelFor Acceptance of Responsibility Under U.S.S.G. § 3E1.1(b)** [#436] is **GRANTED**;
>    - the government's **Motion to Dismiss Counts** [#437] is **GRANTED**; and
>    - the Restricted Level 2 Motion [#443] is **GRANTED**; insofar as consistent with the foregoing findings and conclusions of the court and the following orders;
>
> - That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count 1 of the Indictment;
>
> - That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody

of the Bureau of Prisons to be imprisoned for a term of **one hundred twenty (120) months**;

- That on release from imprisonment, the defendant shall be placed on supervised release for a term of **five (5) years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

- That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm, destructive device, or dangerous weapon as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that if the defendant is removed from this country, then defendant shall not re-enter without the lawful approval and authority of the Secretary of the Department of Homeland Security;

        - that if the defendant is removed from and then granted permission to lawfully return to this country, defendant shall report to the nearest United States Probation Department within 72 hours of defendant's lawful return to this country;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That the mandatory drug-testing provisions of 18 U.S.C. § 3583(d) are waived;

10. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

11. That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and the admission of the defendant of the forfeiture allegation of the Indictment and under the authority of Fed. R. Crim. P. 32.2(b)(3) and the statutory provisions of 21 U.S.C. § 853(c);

12. That this court recommends that the Bureau of Prisons designate the defendant to a correctional institution in the State and District of Colorado, preferably to FCI Englewood;

13. That the defendant is remanded to the custody of the United States Marshal for imposition and execution of this sentence.

The defendant is advised of the right to appeal the sentence imposed by the court.

**2:08 p.m.    Court in recess.**

Total time in court: 00:31

Hearing concluded.